UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:18-CV-359 |
| Plaintiff, | : | |
| | : | JUDGE |
| v. | : | |
| | : | |
| TWENTY-FOUR THOUSAND DOLLARS IN UNITED STATES CURRENCY ($24,000.00), | : | **VERIFIED COMPLAINT FOR FORFEITURE IN REM** |
| | : | |
| Defendant. | : | |

Plaintiff, United States of America, by its undersigned counsel, alleges the following for its action against the defendant in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

### NATURE OF THE ACTION

1. This is a civil action *in rem* brought to enforce 21 U.S.C. § 881(a)(6), which provides for the forfeiture to the United States of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

### THE DEFENDANT IN REM

2. The defendant is Twenty-Four Thousand Dollars in United States Currency ($24,000.00) ("defendant currency"). On or about January 4, 2018, the Drug Enforcement Administration seized the defendant currency, from a vehicle operated by Perez Keith, in the parking lot of the Belle Tower Apartments, located at 631 Woodlawn Avenue, Hamilton, Ohio.

The United States has deposited the defendant currency into the Seized Asset Deposit Fund, where it will remain during the pendency of this action.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant currency pursuant to 21 U.S.C. § 881(a)(6). This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant currency pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio and pursuant to 28 U.S.C. § 1395 because the defendant currency was found in the Southern District of Ohio.

## BASIS FOR FORFEITURE

6. The defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because the defendant currency represents property furnished or intended to be furnished by any person in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense in violation of 21 U.S.C. § 846.

## FACTS

7. The Drug Enforcement Administration ("DEA") and the Butler County Undercover Regional Narcotics Unit ("BURN") are investigating cocaine distribution activities in the Hamilton, Ohio area and elsewhere. Law enforcement officers have identified Perez Keith and

Brian Goolsby as individuals involved in the distribution of cocaine.

8. In December 2016, and January 2017, BURN agents received information from several cooperating sources of information ("SOIs") that Perez Keith is a source of supply of cocaine in Hamilton, Ohio, and the surrounding areas. The SOIs advised that they have personally seen Perez Keith with multiple kilograms of cocaine and have purchased cocaine from him.

9. On or about January 4, 2018, DEA Task Force Agent ("TFA") Timothy Andrews, along with BURN agents, conducted surveillance on Perez Keith in the area of South Seventh Street and Rigdon Street in Hamilton, Ohio. Officers knew that Perez Keith used a white Lincoln Navigator.

10. During the course of surveillance, a BURN agent observed the white Lincoln Navigator, leaving the area of Goolsby Trucking, LLC ("Goolsby Trucking"), which is a business known to be involved in narcotics trafficking. Brian Goolsby is the owner and registered agent of Goolsby Trucking.

11. A uniformed officer of the Butler County Sheriff's Office conducted a traffic stop on the Lincoln Navigator for speeding. The vehicle, which was operated by Perez Keith, stopped in the parking lot of the Belle Tower Apartments, located at 631 Woodlawn Avenue, Hamilton, Ohio.

12. Upon coming to a stop, Perez Keith immediately exited the vehicle. The officer directed Perez Keith to get back into his vehicle. After Perez Keith complied, the officer approached the vehicle on the passenger side and advised Keith of the reason for the stop, that is, Keith was traveling 36 mph in a 25 mph zone in a residential area.

13. As requested, Perez Keith provided his driver's license and proof of insurance,

which confirmed his identity. The officer observed that Perez Keith appeared nervous and that his heartbeat could be seen through his shirt. Perez Keith advised that he was on his way to his mother's apartment.

14. Based on Perez Keith's suspicious behavior and his history of carrying a concealed weapon, the officer requested that Keith step out of the vehicle and proceed to the area of the hood, where the officer patted down Keith for weapons. During the pat down, the officer did not locate any weapons.

15. After the officer determined that Perez Keith had something in his right front pants pocket, Keith gave the officer verbal consent to search his person. In Perez Keith's right front pants pocket, the officer found approximately $1,300.00 in U.S. currency. Perez Keith explained that the money was from his taxes at which time the officer returned the money to Keith.

16. Perez Keith, who was the only occupant of the Lincoln Navigator, gave verbal consent for officers to search the vehicle. The vehicle is registered to Perez Keith's wife, who was not present at the scene.

17. An officer used a drug detection canine to conduct an open air sniff of the Lincoln Navigator. The trained canine showed a positive alert on the driver and passenger side doors of the vehicle. An officer advised Perez Keith of his findings and advised Keith that he was going to search the vehicle.

18. At that time, officers conducted a search of the vehicle. Under the rear seat, officers found a white plastic Menard's shopping bag. Inside the bag was a second plastic Menard's shopping bag, which contained an unknown amount of currency.

19. TFA Andrews seized the currency and later learned that the currency totaled $31,000.00, which was in the following denominations.

| DENOMINATION | QUANTITY |
|---|---|
| $100 | 67 |
| $50 | 28 |
| $20 | 1,040 |
| $10 | 191 |
| $5 | 38 |

20. Narcotics trafficking is a cash business. As indicated above, the majority of the currency was in small denominations, which is consistent with street-level narcotics trafficking. A kilogram of cocaine costs approximately $31,000.00.

21. After the officers completed the search, an officer advised Perez Keith that he was going to issue a written warning to Keith for speeding, that he was going to seize the currency, and that Keith would be given a written receipt for the currency.

22. Perez Keith advised officers that the seized currency did not belong to him; rather, the money belonged to Goolsby Trucking. Keith stated that he was going to deposit the money at U.S. Bank or First Financial Bank. The officer noted that the bag, in which the money was found, did not contain any deposit slips or other paperwork associated with Goolsby Trucking.

23. During the traffic stop, officers observed Brian Goolsby arrive at the Belle Tower Apartments, where he stood with Perez Keith's mother under the awning of the apartment complex and observed the traffic stop.

24. Perez Keith told officers that he contacted Goolsby by cell phone as the officer initiated the traffic stop. Brian Goolsby did not approach the officers during the traffic stop and assert that the currency belonged to Goolsby Trucking or to him.

25. After the completion of the stop, officers returned to the Butler County Undercover

Regional Narcotics Office where an officer put the seized currency in a cardboard parcel and placed the cardboard parcel among similar parcels in a secure area. An officer, who did not know where the seized currency was placed, conducted an open air sniff of the parcels with his drug detection canine. The canine showed a passive alert to the parcel which contained the seized currency.

26. TFA Andrews placed his wallet, which contained currency, in one of the parcels. An officer, who did not know where the wallet was placed, conducted an open air sniff of the parcels with his drug detection canine. The canine did not alert to any of the parcels.

27. In or about April 2018, a source of information stated to a law enforcement officer that Brian Goolsby provided him/her with 2-3 ounces of cocaine.

28. Brian Goolsby submitted a claim to the DEA, asserting an interest in $24,000.00 of the $31,000.00 that was seized. In has administrative claim, Goolsby stated that he gave Perez Keith $24,000.00 in cash for the purchase of real estate in Hamilton County, Ohio.

29. Law enforcement officers have conducted surveillance in the area of Goolsby Trucking in Hamilton, Ohio. During surveillance, officers observed multiple dump trucks at the business, but the trucks did not appear to be involved in much activity.

30. Perez Keith has a criminal history, which includes but is not limited to, convictions in Butler County for possession of drugs and trafficking in drugs in September 2008, and a conviction in Butler County for carrying a concealed weapon in April 1999.

31. Brian Goolsby has a criminal history, which includes but is not limited to, a conviction for aggravated assault in November 2000 and a conviction in Butler County for felony drug abuse in November 2000.

32. By reason of the facts set forth herein, the defendant currency is properly

condemned and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that:

(a) pursuant to Rule G(3)(b)(i), Supplemental Rules, the Clerk issue a warrant of arrest *in rem*, directing the United States to arrest and seize the defendant currency and to retain the same in its custody subject to further order of the Court;

(b) the Court, pursuant to Rule G(4), Supplemental Rules, direct the United States to give notice to all persons and entities having an interest in the defendant currency to assert in conformity with the law a statement of any interest they may have, including notice by publication on the official government website, www.forfeiture.gov, for 30 consecutive days;

(c) the forfeiture of the defendant currency to the United States be confirmed, enforced, and ordered by the Court;

(d) the Court thereafter order the United States to dispose of the defendant currency as provided by law; and

(e) the Court award the United States all other relief to which it is entitled, including the costs of this action.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/Deborah D. Grimes
DEBORAH D. GRIMES (0078698)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711 / Fax (513) 684-6385
Deborah.Grimes@usdoj.gov

## VERIFICATION

I, Timothy J. Andrews, hereby verify and declare under the penalty of perjury that I am a Task Force Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint for Forfeiture *in rem* and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except that those matters stated to be alleged on information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, and my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.

Dated 5·23·2018

TFA *Timothy J. Andrews*
TIMOTHY J. ANDREWS, Task Force Agent
Drug Enforcement Administration

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Twenty-Four Thousand Dollars in United States Currency ($24,000.00)

**(b)** County of Residence of First Listed Plaintiff: **Hamilton**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Hamilton**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Deborah D. Grimes, Assistant United States Attorney
221 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202    (513) 684-3711

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [X] 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District (specify)
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Forfeiture pursuant to 21 U.S.C. § 881(a)(6)

Brief description of cause:
Forfeiture

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 5/24/18
SIGNATURE OF ATTORNEY OF RECORD: *Deborah D. Grimes*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____